UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Case No. 1:21-cv-00275

ROBERT VREELAND,

        Plaintiff,

v.

MICHAEL RAY RUE, d/b/a Michael Rue Logging and in his individual capacity,

        Defendant.

## COMPLAINT

### INTRODUCTION

1. Plaintiff Robert Vreeland worked as a Log Skidder Operator for Defendant's logging business for over two years. During this time, Defendant did not pay Plaintiff for all of his compensable work hours and did not pay an overtime rate on the many occasions when he worked more than 40 hours in a week.

2. To challenge these and other wage violations, Plaintiff brings this action, by and through his attorneys, against Defendant Michael Rue, both in his capacities as sole proprietor of Michael Rue Logging and as an individual, to recover unpaid or underpaid wages and other damages under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. (hereinafter "FLSA"), the Colorado Wage Claim Act, §8-4-101, *et seq*. and the Colorado Minimum Wage Act, C.R.S. §8-6-101, *et seq*., as implemented by the Colorado Minimum Wage Order (the "Minimum Wage Order").

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of the action pursuant to 28 U.S.C. § 1331, by virtue of federal questions, 29 U.S.C. § 201 *et seq.* of the FLSA.

4. This Court has supplemental jurisdiction over Plaintiff's state law claims by authority of 28 U.S.C. § 1367.

5. Venue lies with this Court pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 201 *et seq.* A significant portion of the events giving rise to the instant litigation occurred at the Defendants' business which is based at 10137 W CR 7 N, Del Norte, Colorado 81132, and the Defendant named herein resides in this district.

## PARTIES

**Defendant Michael Rue**

6. Defendant **Michael Rue**, an individual, resides in Rio Grande County, Colorado, upon information and belief.

7. **Michael Rue Logging** is a trade name listed with the Colorado Secretary of State with a registrant name of Michael Ray Rue, at the address of 10137 W CR 7 N, Del Norte, CO 81132.

8. Mr. Rue owns and operates the logging operations that does business as Michael Rue Logging.

9. At all relevant times, Defendant had annual gross revenues in excess of $500,000.

10. At all relevant times, Defendant Michael Rue Logging was engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

11. Defendant regularly employs nine or more individuals.

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*Vreeland v. Michael Rue Logging*
USDC, District of Colorado

Complaint
Page 2

12. At all times material to this action, Defendant Michael Rue Logging was subject to the FLSA and was an "employer" of the Plaintiff, as defined by § 203(b) of the FLSA.

13. At all times material to this action, Defendant Rue actively participated in the business of the Michael Rue Logging operations.

14. At all times material to this action, Defendant Rue exercised substantial control over the functions of the company's employees including Plaintiff. He owns the business, hired the plaintiff, had the authority to terminate his employment, set the terms and conditions of his pay, directed his day-to-day activities, and signed his paychecks.

15. At all times material to this action, Defendant Rue was an "employer" of the Plaintiff, as defined by § 203(b) of the FLSA and the CWA.

**Plaintiff Robert Vreeland**

16. Plaintiff Robert Vreeland is a currently resident of North Carolina. At relevant times he lived in Colorado.

17. Plaintiff Robert Vreeland worked for Defendant as a Log Skidder Operator from July 1, 2018 to November 20, 2020.

18. At all times material to this action, Plaintiff Vreeland was an "employee" within the meaning of 29 U.S.C. § 203(e) and 7 C.C.R. 1103-1(2).

19. Plaintiff's primary supervisor was Michael Rue.

20. In this role, Plaintiff's primary job was to operate the piece of heavy equipment known as the log skidder. He also had other duties and responsibilities related to Michael Rue Logging operations.

21. While working in this capacity, Plaintiff Vreeland was expected to record time worked by handwritten daily log.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*Vreeland v. Michael Rue Logging*
USDC, District of Colorado

Complaint
Page 3

22. While in this position, his compensation was on a hourly basis, first at $18.00 and then later at $20.00 per hour.

23. When he worked more than 40 hours a week, he was paid at that same "straight time" rate but not "time and a half" premium pay.

24. In addition, Defendant did not pay him for all of the compensable hours he worked. Plaintiff worked "off the clock" insofar as Defendants required him to perform work before clocking in and after clocking out. Specifically, Defendant did not compensate Plaintiff for the time between his arrival at the company headquarters and when he began his work at the actual job site. This consisted of preliminary work and extensive drive time over logging roads. He was also not compensated for the drive time and postliminary work at the end of the workday.

25. Generally, his actual workday began when he would arrive at headquarters a few minutes before the 5:30 A.M. "leave time." The company work truck referred to as the "Crummy" would be used to get across the logging roads to the site, deep in the forest.

26. Before departing headquarters, Plaintiff would help load and unload fluids, parts, tools, garbage, etc. During the drive, he would discuss job progress and status of logging operations, conditions of the machines, and other project related discussions, like deadlines and requirements and USFS report scores on compliance to USFS requirements, etc. Also, due to USFS requirements to maintain the logging roads, they would stop the vehicle to do things like pick up and remove debris, clear fallen rocks and trees, and clear culverts to drain water from the roadway.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

Vreeland v. Michael Rue Logging
USDC, District of Colorado

Complaint
Page 4

27. Despite all this, the time logged for Mr. Vreeland's workday was usually around 7:15 or 7:30, which would be the time he would begin actively working at the work site operating the heavy machinery, after the long, rough drive in.

28. Similarly, for the logged end of the day for payroll purposes, the time reflected would be when the work at the worksite was completed. However, after that, he would have to return in the Crummy to the shop. In addition to performing the other tasks along the way like clearing roads, once he got back to the shop he would help perform tasks like fueling up the 175 gallon external tank in the back of the truck with diesel fuel for the machines, or getting any fluids or filters he or one of his coworkers needed.

29. Thus, Plaintiff Vreeland was not paid at a rate of one- and one-half times his normal hourly rate for all hours over 40 worked in a workweek.

30. Plaintiff Vreeland generally did not get *bona fide* rest breaks.

## LEGAL CLAIMS

### As And For A First Cause of Action:
### FAIR LABOR STANDARDS ACT (FLSA) VIOLATIONS

31. Plaintiff realleges and incorporate by reference each allegation contained in the paragraphs above, and by reference replead and incorporate them as though fully set forth here.

*Failure To Pay Time Overtime Properly*

32. Defendants failed to compensate Plaintiff at a rate of one- and one-half times his normal hourly rate for all hours over 40 worked in a workweek, in violation of the FLSA.

*Record-Keeping Failures*

33. At all relevant times, Defendants failed to make, keep, and preserve <u>accurate</u> records regarding the wages, hours, and other conditions of employment of Plaintiff, in contravention of the FLSA and affiliated Regulations, 29 U.S.C. §§ 211(c), 215(a)(5) and

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Vreeland v. Michael Rue Logging*
USDC, District of Colorado

Complaint
Page 5

29 C.F.R. § 516.

***Willful & Not Based on Good Faith & Entitlement to Damages***

34. Defendants had no good faith basis for believing that their pay practices as alleged above were in compliance with the law.

35. At all relevant times, Defendants knew of the FLSA's requirements regarding overtime. In paying Plaintiff in the manner in which they did, Defendants knowingly violated the mandates of the FLSA.

36. The foregoing conduct constitutes a "willful" violation of the FLSA, 29 U.S.C. § 255(a).

37. As a result of the violations by Defendant of the FLSA, the Plaintiff is entitled to all damages available under the FLSA which include, but are not limited to, all unpaid wages, overtime, liquidated damages, attorney fees, costs, and interest, as set forth in the FLSA, more specifically 29 U.S.C. § 216(b).

**As And For A Second Cause of Action:**
**COLORADO WAGE ACT VIOLATIONS**

38. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

39. The Defendant was Plaintiff's "employer" as that term is defined by the Wage Order. 7 C.C.R. 1103-1(2).

40. Plaintiff is Defendants' "employee" as that term is defined by the Wage Order because he performed labor for the benefit of Defendant in which Defendant commanded when, where, and how much labor or services would be performed. 7 C.C.R. 1103-1(2).

***Failure to Pay Weekly Overtime Premiums***
**(Violation of the Colorado Wage Act, C.R.S. §§ 8-4-109; 7 C.C.R. 1103-1(4))**

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Vreeland v. Michael Rue Logging*
USDC, District of Colorado

Complaint
Page 6

41. Plaintiff worked more than 40 hours at least some workweeks.

42. Defendant did not pay the Plaintiff at a "time and a half" rate for hours worked over 40 in each workweek.

43. As a result, Plaintiff has suffered lost wages and lost use of those wages in an amount to be determined at trial.

44. Plaintiff is entitled to recover in a civil action the unpaid balance of the full amount of the wages owed to him and penalties. C.R.S. § 8-4-109; 7 C.C.R. 1103-1(18).

45. Defendants violated the CWA as implemented by the Wage Order, when they failed to pay the Plaintiff overtime premiums for hours worked over 40 in each given workweek or 12 hours per day. 7 C.C.R. §1103-1(4).

46. For any and all time worked by all Plaintiff, or to be credited to all Plaintiff during a workweek, Plaintiff is entitled to pay at his regular rate of pay for work up to 40 hours of work per workweek, and at time-and-a-half for all of work over 40 hours per workweek or 12 hours per day.

***Failure to Pay Wages in Response to Wage Demand***
**(Violation of the C.R.S. § 8-6-109)**

47. Plaintiff, through counsel, issued a Demand for Payment of Wages notice dated November 16, 2020.

48. Plaintiff, through counsel, issued an additional copy of this demand, attached to a cover letter dated December 2, 2020.

49. Defendant has not tendered any payment in response to this demand.

50. In fact, Defendant made no response of any kind to this demand letter.

51. More than 14 days has elapsed since October November 16, 2020.

52. Therefore, Defendant owes plaintiff statutory penalties in the amounts set forth in C.R.S.

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*Vreeland v. Michael Rue Logging*
USDC, District of Colorado

Complaint
Page 7

...

§ 8-4-109.

### *Failure to Pay All Earned Wages*
**(Violation of the C.R.S. § 8-6-109)**

53. Plaintiff has been separated from employment with Defendants. Defendants

54. Defendants have failed to pay Plaintiff all his wages and compensation earned during Plaintiff's employment.

55. Specifically, Plaintiff was not compensated for his compensable preliminary and postliminary time, nor was he paid his proper overtime wages.

### *Denial of Mandatory Rest Periods*
**(Violation of the CMWA, C.R.S. §§ 8-6-101,** *et seq.***, Wage Order 7 C.C.R. 1103-1)**

56. Defendant did not pay Plaintiff for all of his time worked under Colorado law because he did not provide Plaintiff with 10 minute duty-free paid rest breaks for each four hours of work Plaintiffs performed. Wage Order 7 C.C.R. 1103-1(8).

### *Damages*

57. Plaintiff is entitled to recover in this civil action the unpaid balance of the full amount of unpaid wages, and/or underpaid overtime wages that are owed and appropriate penalties, together with reasonable attorney fees and court costs. C.R.S. § 8-6-118; 7 C.C.R § 1103-1(18).

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

(A)   Award Plaintiff unpaid and underpaid wages due under the FLSA and the Colorado Wage Laws; and

(B)   Award Plaintiff liquidated damages in the amount of his unpaid FLSA wages pursuant to 29 U.S.C. § 216(b); and

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

(C)  Award Plaintiff statutory damages as provided for by Colorado law, C.R.S. § 8-4-109; and

(D)  Award Plaintiff interest; and

(E)  Award Plaintiff the costs of this action together with reasonable attorneys' fees; and

(F)  Award such other and further relief as this Court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demands a trial by jury on all questions of fact raised by the complaint.

Respectfully submitted, this **27th** day of **January, 2021.**

ANDERSONDODSON, P.C.

*s/ Penn Dodson*
**Penn A. Dodson**
penn@andersondodson.com
(212) 961-7639
CO Bar Reg No. 54677
14143 Denver West Pkwy.
Suite 100-50
Golden, CO 80401
NY Bar No. 2738250
11 Broadway, Suite 615
New York, NY  10004

Attorney for Plaintiff

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*Vreeland v. Michael Rue Logging*
USDC, District of Colorado

Complaint
Page 9